[Civ. No. 21592.   Second Dist., Div. One.   Mar. 5, 1957.]

SHIGERU YAMAMOTO, Respondent, v. SCHMUL LIBER-MAN et al., Appellants.

David I. Lippert for Appellants.

Arthur J. Crowley, Horace A. Ruderman and Carl J. Mooslin for Respondent.

DORAN, J.—This is an appeal by the defendants, sellers of the Fairfax Laundromat, from a judgment determining that the plaintiff buyer, Shigeru Yamamoto, was entitled to rescind the sale and recover the purchase price deposit less escrow expenses, and less commission paid to Wilshire Realty Company, broker making the sale. There was a cross-complaint by the sellers for declaratory relief, joining buyer, escrow holder and broker.

On October 8, 1954, an escrow was opened for the purchase by respondent Yamamoto of the laundromat in question for the sum of $25,000. The respondent paid into this escrow the amount of $10,000. Escrow instructions evidencing the agreement between the parties, contain the following provisions:

"17. The parties do hereby agree that this sale is subject to a trial period 14 working days, commencing on the opening of business October 18, 1954, and ending on the close of business Sunday, October 31, 1954.

"18. In the event the income of the business proves a gross income of $665.00 average per week, with not more than a five per cent decrease, then in such event, the Buyer does hereby waive any further proof of income.

"In the event this sale consummates all of the income of the business, during the trial period, less the current operating expenses, shall be credited to the buyer at close of escrow."

The escrow instructions further provide that,

"6. The sellers hereto agree to pay Broker's Commission to Wilshire Realty Company in the amount of $2,250.00. The parties hereto authorize and instruct the Vista Escrow Company to pay said sum to the broker forthwith out of the funds deposited in escrow and charge same to the account of the seller."

It was found by the trial court that the business had failed to make the stipulated gross income during the trial period; that this provision was a condition precedent to the sale, and that plaintiff had not waived such provision. The trial court further found that defendant James Donald Greenspan was a minor partner and a necessary party to the transaction but had never participated therein; and that Steven Sherman was

likewise a partner with Schmul Liberman but did not participate in the transaction. The judgment permitted the Vista Escrow Company to retain $601.54 which included the escrow fees and expenses, plus a $300 attorney fee and $25 court costs. The Wilshire Realty Company was held entitled to retain brokers' fees in the sum of $2,250. Defendants' cross-complaint was dismissed.

The appellants maintain that "The sale was not subject to a condition precedent in respect to the volume of business," and that if such a condition existed, "proof of volume was waived." It is also contended that "The Court erred in considering any grounds for rescission not stated in the notice of rescission," namely, shortage of gross income; and erroneously admitted evidence tending to vary the escrow instructions.

Appellants' contentions cannot be sustained. Much of appellants' brief is predicated upon the proposition that the court's findings are not supported by the evidence. The record, however, discloses substantial evidence, albeit at times conflicting in nature, in direct support of the findings and judgment in plaintiff's favor. For example, the escrow instructions evidence the parties' understanding that the offer to purchase was "subject to a trial period 14 working days," during which time the business must prove "a gross income of $665.00 average per week, with not more than a five per cent decrease." There is evidence showing that the gross income for the two weeks' trial period was only $1,203.04, whereas, after deducting the stipulated 5 per cent variance, it should have been $1,263.50.

Appellants' argument that this condition was amply met, based on the theory that gross sales merely meant "volume of business," and that there were packages of laundry on the shelves awaiting pickup and payment, is untenable. As pointed out in respondent's brief, the agreement did not use the term "volume of business," but rather "gross income," which "means cash receipts and not merchandise on shelves." Moreover, it was plaintiff's testimony that during the trial period the business although operated at full speed with no Sundays off, did not produce the required income. The trial court found that this condition had not been waived, and there is evidence reasonably justifying the conclusion. It is an established principle that an appellate court will not attempt a revaluation of the evidence where the record discloses substantial evidence in support of the findings.

The record fails to indicate any prejudice resulting from the fact that plaintiff's notice of rescission fails to set forth the grounds of mistake and fraud, and fails to take issue with the minority of the partner Greenspan and the presence of other partners in the transaction. The case was fully and fairly tried and all material facts relating to this and all other pertinent issues were duly canvassed. The appellants were far better informed in reference to these matters than the respondent, and could not have been misled by the notice.

Appellants' contention that "The Court erred in admitting evidence tending to vary the terms of the escrow instructions," finds no support in the record. The most that can be said for the evidence admitted is that it substantiates the language used in the agreement by which Mr. Yamamoto was entitled to a trial period to determine the weekly gross income. Seemingly, it is the appellants and not the respondent who are endeavoring to vary the terms of the written contract.

The plaintiff's complaint, amended to conform to proof, alleges that defendant partner Greenspan was a minor at the time of the transaction, had no knowledge thereof and did not participate therein; that the partner Steven Sherman, likewise, did not sign any documents and did not participate in the purported sale. The trial court found that these facts were true, and it cannot be said that such findings are unsupported. Appellants' attempted justification of this part of the transaction is no persuasive. It is not an unreasonable assumption, as said in respondent's brief, that "The partners were never ready to consummate the deal."

The trial court's determination permitting the Wilshire Realty Company to retain commissions in the amount of $2,250 for negotiating the sale, is challenged by both the appellants and the respondent Yamamoto. This sum had been paid by the escrow agent out of the respondent's deposit in escrow. It is the claim of the Wilshire Realty Company that "The broker's commission was not subject to any condition precedent in the escrow, or if so subject, the condition was fulfilled by buyer waiving the condition."

This provision in the judgment is seemingly inconsistent with the unequivocal findings and conclusions to the effect that the conditional purchaser Yamamoto was not at fault and had a contractual right to reject the offered business in the event that the trial period should prove unsatisfactory. As said in respondent's brief, "The broker and escrow company (occupying offices in the same building) were aware

of the conditional nature of the sale and the broker accepted this commission conditioned on the consummation of the sale insofar as the plaintiff would be concerned."

Respondent Yamamoto was, legally speaking, a mere prospect until and unless the laundromat financially proved itself during the stipulated trial period. In this, the trial period did not meet the agreed requirements concerning gross income. Undoubtedly, this provision constituted one of the most material agreements. Such being the situation, the buyer should not be penalized by being compelled to assume payment of the broker's fees. Such an arrangement cannot reasonably be said to have been contemplated by the parties nor is it consistent with equitable principles.

The judgment is therefore modified by changing the Fifth Paragraph thereof to read as follows: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Cross-Defendant Wilshire Realty Company is not entitled to retain the sum of $2,250.00, heretofore paid to it by Vista Escrow Company; that said sum shall be paid to the plaintiff forthwith by the Wilshire Realty Company and that plaintiff recover judgment therefor." As so modified, the judgment is affirmed. It is further ordered that the findings of fact and conclusions of law be modified to conform to such judgment. The parties will bear their respective costs on appeal.

White, P. J., and Fourt, J., concurred.